No. 2:20-CV-01439-NIQA

_____

IN THE

# United States District Court for the Eastern District of Pennsylvania

_____

FRANCESCA VIOLA,

*Plaintiff,*

V.

JOSHUA BENTON AND PRESIDENT
AND FELLOWS OF HARVARD COLLEGE
(HARVARD CORPORATION),

*Defendants.*

_____

PLAINTIFF'S SURREPLY IN FURTHER OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS

_____

**TABLE OF CONTENTS**

Table of Contents…………...…………………………………………………...…………………i

Table of Authorities……………...……………………………………………………………….iii

Argument..…...…………………………………………………………….………………...1

    A. Viola's Publication of Private Facts Claim is Rooted in the Protections of the First Amendment for Anonymous Speech on the Internet and her Private Political Opinions are Not of Legitimate Public Interest …………………………………………………..2

    B. Harvard Cannot Rely on its Own Version of the Facts to Defeat Viola's Intrusion Claim …………………………………………………………………………………………4

    C. Viola Has Sufficiently Alleged that Benton Acted With Actual Malice ……………..5

    D. Benton's Selective Publication of Comments Attributed to the Truthseeker Account Sustain Viola's Claims for Defamation and Defamation by Implication ……………….6

    E. Contrary to Harvard's Argument in its Reply, it is Bound by the Terms of its Privacy Statement and the Comment Platform, Disqus ………………………………………….7

Conclusion……………...……………………………………………………………….......7

# TABLE OF AUTHORITIES

Page(s)

**Rules**

Fed. R. Civ. P. 12(b)(2)……………………………………………..………………………..1, 7

Fed. R. Civ. P. 12(b)(6)……………………………………………………………………….…1, 7

**Cases**

*Buckley v. Valeo*
     424 U.S. 1, 14, 96 S. Ct. 612, 632, 46 L.Ed.2d 659, 685 (1976) ………………..……..3

*Burger v. Blair Medical Assoc.*
     964 A.2d 374 (Pa. 2009) ……………………………………………………….........4, 5

*Dunlap v. Phila. Newspapers, Inc.*
     301 Pa. Super. 475, 493, 448 A.2d 6, 15 (1988) ……………………………………….6

*Harte-Hanks Commc'ns v. Connaughton*
     491 U.S. 657, 668 (1989)...………………………………………………………..........5

*Jurin v. Google Inc.*
     768 F. Supp. D 1064, 1073 (E.D. Cal. 2011) ……………………………………...........7

*Levesque v. Doocy*
     560 F.3d 82, 90 (1st Cir. 2009) …………………………………………………….…...5

*Maxon v. Ottawa Publishing Co.*
     402 Ill.App.3d 704 (2010) (No. 03-08-0805) ……………………………………........3, 4

*McIntyre v. Ohio Elections Comm'n*
     514 U.S. 334, 346, 115 S. Ct. 1511, 1518-19, 131 L.Ed.2d 426, 439 (1995)………….2, 3

*Pilchesky v. Gatelli*
     2011 PA Super 3, 12 A.3d 430, 438-39 (2011) ……………………………………..........2

*St. Amant v. Thompson*
     390 U.S. 727, 730 (1968). ……………………………………………….…...........5, 6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCESCA VIOLA | ) | Civil Action No. 2:20-CV-01439-NIQA |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | Civil Action No. 2:19-cv-01366 |
| | ) | |
| JOSHUA BENTON AND PRESIDENT | ) | |
| AND FELLOWS OF HARVARD | ) | *Electronically Filed* |
| COLLEGE (HARVARD | ) | |
| CORPORATION) | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## PLAINTIFF'S SURREPLY IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Now comes Plaintiff Francesca Viola ("Viola"), by and through undersigned counsel, and hereby submits this Surreply in further opposition to Defendant President and Fellows of Harvard College's ("Harvard") Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(2), and Fed.R.Civ.P 12(b)(6).

## ARGUMENT

Harvard's arguments in its opening brief and largely duplicative Reply can essentially be summed up in three words: She deserved it. Nevermind the fact that Harvard's employee Joshua Benton ("Benton"), while acting on its behalf, blatantly and recklessly abused his contractual duties as a website administrator to mercilessly invade Viola's privacy and defame her to his thousands of Twitter followers. Nevermind that Viola's only offense was leaving a pseudonymous critical comment on a Nieman Lab article which expressed an opinion Benton found distasteful. Nevermind that because of Benton's unprovoked Twitter tirade, Viola's life was turned upside down and her career was destroyed. Harvard asks this Court to ignore all of that and find that

1

Viola forfeited her well settled First Amendment right to communicate pseudonymously on the Internet because she had it coming.  She did not. Viola has stated a prima facie case for all of her claims against Defendants and for this Court's jurisdiction and the Court should deny Harvard's Motion to Dismiss.

 **A. Viola's Publication of Private Facts Claim is Rooted in the Protections of the First Amendment for Anonymous Speech on the Internet and her Private Political Opinions are Not of Legitimate Public Interest**

Despite Harvard's insistence that the Viola's pseudonymous expression of private political opinions deserves no protection, it is well settled that the First Amendment protects the right to anonymous speech. *See Pilchesky v. Gatelli*, 2011 PA Super 3, 12 A.3d 430, 438-39 (2011) (discussing United States Supreme Court cases affirming First Amendment protection to speak anonymously in various settings including the Internet). In the modern digital world, the right to speak anonymously online is so vital that many courts have adopted First Amendment based standards to evaluate whether the identity of pseudonymous online speakers may be disclosed through legal process. *Id.* (discussion of various standards and outlining Pennsylvania standard).

In fact, Viola's comments are exactly the type of speech that courts have routinely affirmed as deserving of the strongest First Amendment protection.  In *McIntyre v. Ohio Elections Comm'n*, the United States Supreme Court affirmed First Amendment protection of anonymous speech and held that no form of speech is entitled to greater constitutional protection than core political speech. 514 U.S. 334, 346, 115 S. Ct. 1511, 1518-19, 131 L.Ed.2d 426, 439 (1995). The court observed, "[d]iscussion of public issues and debate on the qualifications of candidates are integral to the operation of the system of government established by our Constitution. The First Amendment affords the broadest protection to such political expression in order 'to assure [the] unfettered interchange of ideas for the bringing about of political and social changes desired by

2

the people.' *Id.* quoting *Buckley v. Valeo*, 424 U.S. 1, 14, 96 S. Ct. 612, 632, 46 L.Ed.2d 659, 685 (1976).

Contrary to its present stance, Harvard has an established history of championing the First Amendment rights of anonymous speakers like Viola. In an amicus brief filed through the Citizen Media Law Project (now known as the Digital Media Law Project),[1] Harvard struck a supportive tone for the rights of anonymous online commenters instead of condemnation:

> Anonymous speech enables individuals to contribute to this vibrant online discourse without fear of retaliation or embarrassment, making it more likely for marginal voices to contribute and facilitating richer and more diverse points of view. As one court put it, the ability to speak anonymously and pseudonymously on the Internet 'offers a safe outlet for the user to experiment with novel ideas, express unorthodox political views, or criticize corporate or individual behavior without fear of intimidation or reprisal.'

Brief for Citizen Media Law Project, et al. as Amici Curiae at 8, *Maxon v. Ottawa Publishing Co.*, 402 Ill.App.3d 704 (2010) (No. 03-08-0805) (internal citations omitted).[2] Harvard went on to explain the need for interactive online communities like the Nieman Lab website:

> "[M]edia organizations now have a strong business interest in encouraging interactive online communities where readers can express their views on newsworthy events and public issues. Reader interest in news websites hinges not only on the quality of journalism published there (which remains important), but also on the community conversations that develop around stories and opinion pieces."

*Id.* at 9-10. In spite of its clear understanding otherwise, Harvard now claims, without citing any authority, that Viola's right to speak pseudonymously is moot because the private opinions she

---

[1] According to its website, The Digital Media Law Project is a project of Harvard University's Berkman Center for Internet & Society, a research center founded to explore cyberspace, share in its study and help pioneer its development. THE DIGITAL MEDIA LAW PROJECT, https://www.dmlp.org/about-digital-media-law-project (last visited Sept. 3, 2020).

[2] A copy of this amicus brief and an amicus letter from Harvard's Cyberlaw Clinic advancing similar arguments are attached hereto as Exhibit A. Press releases from Harvard concerning these pro-anonymous speech efforts can be found at https://cyber.harvard.edu/newsroom/CMLP_Maxon-v-Ottawa (last visited September 4, 2020) and http://clinic.cyber.harvard.edu/2014/12/09/protecting-anonymous-speech-under-californias-anti-slapp-law/ (last visited September 4, 2020). *See also* Pl. Am. Compl. ¶ 31, ECF No. 10.

expressed and her identity were somehow of legitimate concern to the public. This flies in the face of its previous arguments that this type of core political speech is deserving of protection: "Engaging in anonymous speech enables individuals and groups to express controversial or unpopular views without fear of ostracism or retaliation, and it allows the famous or infamous to be judged on the content of their ideas rather than on their identities." *Id.* at 2.  **Put simply, Benton's aim in doxxing Viola was to subject her to these very penalties *because* of her identity, not because her private beliefs about the subject matters disclosed were of legitimate public interest**.  *See also* Pl.'s Br. in Opp'n to Def. Harvard's Mot. to Dismiss 23-34, ECF No. 15. Viola has stated a claim for publication of private facts and Harvard's Motion to Dismiss this claim should be denied.

### B. Harvard Cannot Rely on its Own Version of the Facts to Defeat Viola's Intrusion Claim

Harvard's attempts to analogize the facts in *Burger v. Blair Medical Assoc.* to discredit Viola's intrusion upon seclusion claim misstate the facts in this case. 964 A.2d 374 (Pa. 2009); *See also* Pl. Br. in Opp'n 12-13. As alleged in the Amended Complaint and discussed in the Brief in Opposition, Benton did not "legitimately obtain" Viola's identifying information like the defendant health care provider in *Burger*. Pl. Br. in Opp'n 12-13; Pl. Am. Compl. ¶ 38, ECF No. 10. Further, unlike Benton, the defendant in *Burger* did not abuse its access to the plaintiff's medical records to independently research additional information about her for nefarious purposes or to shame her publicly before thousands of people. Here, Benton's abuse of his administrative access was more than just "looking at [Viola's] email" as Harvard claims. Def. Harvard's Reply Br. in Supp. of Mot. to Dismiss 8, ECF No. 22. Benton accessed and used Viola's email to maliciously investigate other identifying information about her, her employer and her colleagues,

to view protected speech associated with the Truthseeker Account on other platforms and to harass her repeatedly through his doxxing attack on Twitter. Pl. Am. Compl. ¶¶ 40, 44,47, 77.

Harvard's repeated efforts to convert Viola's intrusion claim into a publication of private facts claim must also fail because they ignore the facts pled in her Amended Complaint and the case law. *See* Pl.'s Br. in Opp'n 21-22. Contrary to Harvard's claim, Viola has alleged damages both for the unauthorized access of her email address and for the harassment Benton unleashed through his Twitter attack, both of which are actionable under this tort. *Id*. *See also* Pl. Am. Compl. ¶¶ 42, 63-65,76-87. Viola has stated a claim for intrusion upon seclusion and Harvard's Motion to Dismiss this claim should be denied.

### C. Viola has sufficiently alleged that Benton acted with Actual Malice

Courts have acknowledged that proving actual malice is not a linear inquiry and may be shown in various ways. *Levesque v. Doocy*, 560 F.3d 82, 90 (1st Cir. 2009) ("Because direct evidence of actual malice is rare, it may be proved through inference, and circumstantial evidence.") *See also* Pl.'s Br. in Opp'n 29. While Benton's ill will toward Viola is not dispositive, an "intent to injure plaintiff is relevant to the actual malice inquiry." *See Harte-Hanks Commc'ns v. Connaughton*, 491 U.S. 657, 668 (1989) ("it cannot be said that evidence concerning motive or care never bears any relation to the actual malice inquiry"). By his own admission, Benton published select comments that he attributed to Viola without investigating to determine the truth of whether Viola herself had published the comments or held racist or Islamophobic views. Pl. Am. Compl. ¶ 60, Ex. L. This "purposeful avoidance of the truth" is more than a mere failure to investigate. *Harte-Hanks Commc'ns*, 491 U.S. at 692. In its Reply, Harvard cites *St. Amant v. Thompson*, as an example of a case where the U.S. Supreme court found no actual malice *See* Def. Harvard's Reply Br. 5 (citing 390 U.S. 727, 730 (1968)). However, in that case, the court made its

finding with consideration of other facts in the record including the fact that the defendant personally knew the source who swore to his answers multiple times and had verified aspects of the source's information through affidavits from others. *Id.* at 734. Here, Benton took no action to verify the truth of the Twitter Statements which were plucked maliciously and cherrypicked from among other comments to the pseudonymous Truthseeker Account without regard for their accuracy. This information was not "hot news" that could not withstand the time it would take to contact Viola to conduct a proper investigation. *See* Pl.'s Br. in Opp'n 23. In that context, there were obvious reasons to doubt the accuracy of his reports, which *Amant* held could support a finding of recklessness. *Id.* at 733. When viewed in the light most favorable to the Viola, Harvard's argument that Viola has not adequately pled actual malice must fail.

> **D. Benton's Selective Publication of Comments Attributed to the Truthseeker Account Sustain Viola's Claims for Defamation and Defamation by Implication**

Although Harvard claims that Benton's tweets about Viola (the "Twitter Statements") were substantially true, neither its opening brief nor its Reply effectively address her assertion that he selectively published them in a manner to defame her both personally and professionally. Pl. Am. Compl. ¶ 54 ("in order to harass Viola and harm her reputation, Defendant Benton selectively published the Twitter Statements in a manner which created the false impression that she is a racist, Islamophobic and not competent to perform her job"); *See also* Pl.'s Br. in Opp'n 19-21. This selective publication was defamatory. *See Dunlap v. Phila. Newspapers, Inc.,* 301 Pa. Super. 475, 493, 448 A.2d 6, 15 (1988) ("literal accuracy of separate statements will not render a communication 'true' where, as here, the implication of the communication as a whole was false").

Contrary to Harvard's argument, Benton's rush to selectively publish specific comments from a pseudonymous user account to create a narrative about Viola's character and professional qualifications without making any effort "to contact her to seek confirmation and explanation and

6

otherwise adhere to rigorous reporting methods" was certainly at least negligent, but also evidence of actual malice. Pl.'s Br. in Opp'n 21-22; Pl. Am. Compl. ¶ 60, Ex. L. In his haste to harass Viola, Benton also falsely attributed the Muslim Comment to her, which was defamatory by itself and changed the "gist or sting" of his Twitter Statement by injecting a more palpable level of animus not present in the other comments he associated with the Truthseeker Account. Pl.'s Br. in Opp'n 17-19. Viola has stated claims for defamation and defamation by implication and Harvard's Motion to Dismiss these claims should be denied.

### E. Contrary to Harvard's Argument in its Reply, it is Bound by the Terms of its Privacy Statement and the Comment Platform, Disqus

Harvard's Privacy Statement, linked to on every page of the Nieman Lab website is more than a "broadly stated promise to abide by its own policy." *See* Def. Harvard's Reply Br. 8 (citing *Jurin v. Google Inc.*, 768 F. Supp. D 1064, 1073 (E.D. Cal. 2011)). It is a binding browsewrap agreement which requires users to consent to the website's collection of information and assures that users will remain anonymous. *See* Pl.'s Br. in Opp'n 23-26. Even if Benton collected Viola's information through his access to Disqus, his disclosure of Viola's identity still violated his obligations under the Basic Rules for Disqus Powered Sites (the "BRDPS") and the Basic Rules for Disqus (the "BRD"). *Id.* Viola has stated claims for breach of contract and promissory estoppel and Harvard's Motion to Dismiss these claims should be denied.

## CONCLUSION

Harvard has failed to meet its burden under either Fed.R.Civ.P.12(b)(2) or 12(b)(6) in its opening brief or Reply. Viola has sufficiently pled a prima facie case for all of her claims[3] and Harvard's Motion to Dismiss should be DENIED.

---

[3] Harvard's Reply offers no additional substantive argument as to why it is not vicariously liable for the tortious actions of its employee, Joshua Benton, or subject to this court's jurisdiction for Viola's contract and promissory estoppel claims. *See* Pl.'s Br. in Opp'n 4-9.

7

Respectfully Submitted,

MINC LLC
/s/ Aaron M. Minc
Aaron M. Minc (0086718)*
Dorrian H. Horsey (0081881)*
Minc LLC
200 Park Ave., Suite 200
Orange Village, Ohio 44122
Phone: (216) 373-7706
Fax: (440) 792-5327
E-Mail: aminc@minclaw.com
dhorsey@minclaw.com
Attorneys for Plaintiff, Francesca Viola
*Admitted *Pro hac vice*

BOCHETTO & LENTZ
/s/ David P. Heim
DAVID P. HEIM
1524 Locus Street
Philadelphia, PA 19102
Telephone: (215) 735-3900
Facsimile: (215) 735-2455
E-Mail: dheim@bochettoandlentz.com
Attorney for Plaintiff, Francesca Viola

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 4, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to all counsel of record. I further certify that on the same date I mailed a copy of the foregoing via United Stated mail, postage prepaid, to Joshua Benton at the following address:

    Joshua Benton
    21-23 Oak Knoll #21
    Arlington, MA 02476

    /s/ Aaron M. Minc
    Aaron M. Minc (OH 0086718)
    *Attorney for Plaintiff Francesca Viola*